## ST. LOUIS, B. & M. RY. CO. v. FARRINGTON. (No. 8599.)

(Court of Civil Appeals of Texas. Galveston. Dec. 11, 1924.)

**Appeal and error ☞732 — Assignment that verdict and judgment contrary to evidence held too general.**

In action for destruction of crops resulting from overflow of water onto plaintiff's land, alleged to have been caused by negligent construction of embankment by railroad, defendant's assignment of error that court erred in overruling motion for new trial "because said verdict and judgment are contrary to evidence," *held* too general, under Rev. St. arts. 1612, 2020, to present contentions that railroad maintained sufficient opening to permit proper outflow of water, and that plaintiff's land, because of its location, would have been covered by water even though railroad had not been there.

Appeal from District Court, Brazoria County; M. S. Munson, Judge.

Action by Sam Farrington against the St. Louis, Brownsville & Mexico Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

A. E. & Carlos B. Masterson, of Angleton, and E. H. Crenshaw, Jr., of Kingsville, for appellant.

W. S. Sproles, of Angleton, for appellee.

GRAVES, J. In this suit the appellee sought damages for the destruction of his crops upon 35 acres of land, alleged to have resulted from the negligent construction and maintenance by appellant of its railroad and the accompanying embankment, whereby the flood waters of the Brazos river in May, 1922, were diverted from their natural course and backed up on appellee's land and impounded there for an unreasonable length of time, as a result of appellant's providing no sufficient culverts or sluices to properly carry the water off. Appellant answered with a general denial only.

Trial before a jury, under a general charge from the court, submitting the opposing theories of both litigants as to the cause of the damage, resulted in a verdict and judgment for the appellee in the sum of $544, with 6 per cent. interest thereon from the date thereof. From that recovery against it, appellant presents this appeal.

No separate assignments of error were filed, and the second paragraph of appellant's motion for a new trial below, upon which alone it predicates its appeal, is as follows: "Because said verdict and judgment are contrary to evidence." · Upon that averment appellant argues in this court that the evidence wholly fails to support the judgment against it, in that it clearly appears from the overwhelming preponderance of the evidence that it had installed and maintained sufficient openings in its roadbed to permit the outflow of the water in that vicinity in a reasonable time, and that the location of appellee's land was ·such that in the circumstances it would have been covered by water anyway, even if the railroad had not been there.

. Obviously, under our authorities, the assignment was too general to present the question thus urged. R. ·S. arts. 1612 and 2020; Railway Co. v. Patterson (Tex. Civ. App.) 204 S. W. 1026, and (Tex. Com. App.) 228 S. W. at page 121, concluding sentence of paragraph 1.

If the insufficiency of the manner of presentment were overlooked, however, and the evidence gone into on the matter, the contention could not be sustained. The evidence is amply sufficient to support the findings, and the judgment will be affirmed.

Affirmed.